## RADER v INDUSTRIAL COMM.

Ohio Appeals, 2nd Dist, Fayette Co

No 238.   Decided February 27, 1939

R. L. Larrimer, Columbus, Maddox & Maddox, Washington C. H., Ohio, for plaintiff-appellee.

Thomas Herbert, Attorney General, Columbus, Thomas T. Craig, Special Counsel, Washington C. H., for defendant-appellant.

## OPINION

By BARNES, J.

The above-entiled cause is now being determined as an error proceeding by virtue of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Fayette County, Ohio.

Plaintiff's claim is based on a claimed accidental injury inflicted on the 20th day of August, 1934, while he was in the employ and regularly engaged in his employment with the Washington Ice Company, of Washington Court House, Ohio.   All requisite steps were taken before the Industrial Commission, and on rehearing application was denied.

The cause was regularly appealed to the Common Pleas Court, where the same was heard before the trial judge and a jury, and resulted in a finding and verdict for the plaintiff.

Motion for new trial was duly filed, overruled and judgment entered on the verdict.

It is plaintiff's claim that on the day mentioned, while in the regular course of his employment, he was overcome with ammonia gas fumes and a heat stroke, and has never fully recovered therefrom.

It is the contention of defendant that whatever afflictions plaintiff suffered were produced from natural causes and are not the result of any accidental injury.

The sole and only error complained of is that the verdict of the jury is against the manifest weight of the evidence.

The transcript of the evidence presents 165 pages of typewritten matter. We have read the evidence in its entirety and some parts of it several times.

Counsel for the respective parties present very able and comprehensive briefs.

We do not deem it necessary to quote at length from the evidence of the numerous witnesses.

Plaintiff, in support of his case, presents evidence supporting every element, and, if believed, warrants the verdict returned.

We recognize the force of defendant's testimony.   Had the jury returned a verdict for the defendant, we would have no hesitation in sustaining it. Counsel for defendant urge that a reviewing court's approach in an error case on the question of the weight of the evidence, where the witnesses do not personally appear before the jury,

is different than in an ordinary case.

Generally in a law case, the jury see and hear the witnesses and thereby are in better position to observe their demeanor and manner of testifying. In fact, it is the general rule that trial courts instruct the jury that they may take into consideration these elements in determining what credit should be given to the various witnesses. It is true that in all Industrial Commission cases similar to this, the jury do not see or hear the witnesses. The testimony is taken before a commissioner and at the trial read to the jury. It consequently follows that the jury's ability to determine the credibility of witnesses is no greater than that of the reviewing court. However, in the final analysis it is the jury's province to determine all factual questions, and on a review the verdict will not be disturbed unless it is so manifestly against the weight of the evidence as to shock the conscience of the court if permitted to stand. **Hornbeck and Adams Trial and Appellate Practice 208, O. Jur., Vol. 17, p. 302, §303;** and cases cited in the notes.

We are frank to say that had we been determining the cause originally we might have had considerable difficulty in arriving at the same conclusion as did the jury.

The verdict of the jury and judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law.

HORNBECK, PJ, and GEIGER, concur.